# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| KIMBERLY S. ZAWACKI, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 06 C 4925 |
| ) | |
| DISCOVER FINANCIAL SERVICES, INC., ) | Judge Virginia M. Kendall |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Kimberly S. Zawacki ("Plaintiff") brings a putative class action against Discover Financial Services, Inc. ("Defendant") for allegedly accessing her credit report in violation of the Fair Credit Reporting Act ("the FCRA"), 15 U.S.C. § 1681 *et seq.*; specifically, for failing to include a "firm offer of credit" in Defendant's home equity loan offer to Plaintiff as required by 15 U.S.C. § 1681b(c)(1)(B)(i). Defendant has moved to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted. Because Defendant's loan offer discloses all material terms and there is no reasonable inference that it is a guise for solicitation rather than a legitimate credit offer, it comports with the FCRA's definition of "firm offer."

### Background

In July 2006, Plaintiff received an unsolicited home equity loan offer from Defendant. (Compl. ¶ 8.) The front-side of Defendant's offer stated, in relevant part:

> As a valued Discover® Cardmember and homeowner, you're already pre-approved for a Discover® Home Equity Line of Credit (emphasis included in the original), with rates as low as Prime – .50% (currently 7.25% APR) to Prime + 1.25% (currently 9.00% APR).*

The offer further stated that "[t]his 'prescreened' offer of credit" is based on information in your credit report indicating that you meet certain criteria." (Ex. A at 2.) Plaintiff did not authorize Defendant to access or use her consumer report. (Compl., ¶ 12.) The asterisk at the end of Defendant's offer further set forth certain terms and conditions:

> *This offer is non-transferable and available to homeowners who are 18 years of age or older. Valid for owner-occupied, single-family residences, townhouses and condominiums and for new home equity lines only from $10,000 to $250,000 with a 90% or less loan-to value ratio. Not available for co-ops and mobile homes. If approved, you will receive a rate ranging from Prime - 0.50% (currently 7.25% APR) to Prime + 1.25% (currently 9.00% APR), depending on your financial information and creditworthiness. The APR will vary as the Prime Rate varies. The Prime Rate is published in the Money Rates section of *The Wall Street Journal* and was 7.75% on 4/17/06. Maximum rate is 18%. All loans are subject to satisfactory appraisal, title and property insurance. Credit lines of $250,001 or greater and credit lines with a loan-to-value over 90% are available at different terms. Please contact a loan consultant for details. A $50 annual fee is waived the first year, lines of credit have a 10 year term and you must pay any remaining balance in a single balloon payment.

Plaintiff does not allege that she responded to the offer or that she applied for credit from Defendant.

**Standard of Review**

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint. In reviewing a motion to dismiss, this Court will construe all allegations in the complaint in the light most favorable to the plaintiff and accept all well-pleaded facts and allegations as true. *Bonfkowski v. First Nat'l Bank of Cicero*, 998 F.2d 459, 461 (7th Cir. 1993). A complaint should be dismissed only when "it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

**Discussion**

Congress enacted the FCRA to ensure that consumer reporting agencies protected the privacy of the consumer information that they maintained. *See* 15 U.S.C. § 1681(a)(4). Pursuant to the FCRA, a consumer's credit report may be obtained (often referred to as "prescreening") only with written consent of the consumer or for specified "permissible purposes." 15 U.S.C. § 1681b(a). One such permissible purpose is to extend a "firm offer of credit" to the consumer. 15 U.S.C. § 1681a(l). Congress believed that releasing consumer credit information to a company that intended to make a firm offer of credit, "balance[d] any privacy concerns created by prescreening with the benefit of a firm offer of credit or insurance for all consumers identified through the screening process." *See* S.Rep. No. 103-209, 13 (1993); *accord Cole v. U.S. Capital*, 359 F.3d 719 (7th Cir. 2004).

**I.  A "Firm Offer of Credit"**

**A.  15 U.S.C. 1681a(l):  Statutory Definition**

A "firm offer" is "[a]ny offer of credit or insurance to a consumer that will be honored if the consumer is determined, based on information in a consumer report on the consumer, to meet the specific criteria used to select the consumer for the offer . . ." 15 U.S.C. § 1681a(l). The FCRA provides that an offer is firm even if it is conditioned upon: (i) additional pre-selected criteria bearing on the consumer's creditworthiness; (ii) verification "that the consumer continues to meet the specific criteria used to select the consumer for the offer," or (iii) a consumer's ability to furnish any collateral that was both established before the selection of the consumer for the offer and disclosed to the consumer in the offer. *See* 15 U.S.C. § 1681a(l)(1-3). Thus, a "firm offer" of credit under the FCRA "really means a firm offer if you meet certain criteria." *Kennedy v. Chase Manhattan Bank USA, NA*, 369 F.3d 833, 841 (5th Cir. 2004).

3

**B.      *Cole v. U.S. Capital*: Offer Must Have Sufficient Value for the Consumer**

In *Cole*, the Seventh Circuit analized when a solicitation constitutes a firm offer of credit. The Seventh Circuit held that when an offer technically complies with the statute but nevertheless is "a guise for solicitation rather than a legitimate credit product, the communication cannot be considered a firm offer of credit." *Cole*, 389 F.3d at 728. An example of such a guise is when the offer has no appreciable value to the consumer. *Id.* The Court reasoned that a definition of "firm offer of credit" that does not incorporate the concept of value to the consumer "upsets the balance Congress carefully struck between a consumer's interest in privacy and the benefit of a firm offer of credit for all those chosen through the prescreening process." *Id.* at 726-27; *see also Murray v. GMAC Mortgage Corp.*, 434 F.3d 948, 955 (7th Cir. 2006) ("A sham offer used to pitch a product rather than extend credit does not meet the statutory definition.").

To determine whether an offer of credit imparts sufficient value to the consumer, courts must consider the entire offer and the effect of all the material conditions. *Cole*, 389 F.3d at 726-27. One important term for courts to evaluate is the amount of credit to be extended. *Id.* However, "neither a creditor nor a debtor considers the amount of credit in a vacuum; both must know the other terms attached to that credit to determine whether it is advantageous to extend or to accept the offer." *Id.* at 728. These terms include, but are not limited to whether credit approval was guaranteed, the amount of credit to be extended, the precise rate of interest charged, a method for computation of such interest, and the length of the repayment period. *Id.*

**C.      *Perry v. First Nat'l Bank*: Offer Needs to Have Value for Some Consumers**

In *Perry*, the Seventh Circuit further defined its analysis in *Cole* by holding that a "firm offer" does not need to convey an "attractive deal for the great majority of consumers" for it to have

4

value. *Perry v. First Nat'l Bank*, 459 F.3d 816, 825 (7th Cir. 2006). If an offer might have utility for some consumers, the offer has sufficient value for purposes of the FCRA. *Id.* An offer's value is an objective determination; it has value to "the consumer" if it is useful to the normal consumer. *See Murray*, 434 F.3d at 955. The *Perry* court distilled three factors to guide courts in determining whether an offer has value: (1) whether it appears likely that the offer would be honored; (2) whether the material terms of the offer are adequately disclosed; and (3) whether the amount of credit being offered is minimal or subject to some, or subject to so many, limitations that it is of little value. *Perry*, 459 F.3d at 825. No single factor is dispositive, rather a court must consider the offer in its entirety. *Cole*, 389 F.3d at 728.

## II.     Defendant's Offer

Plaintiff alleges that Defendant's offer violates the FCRA because: (1) there is no evidence that the offer would be honored; (2) the offer is vague and does not include terms such as the actual amount, duration, or interest rate of loan; and (3) the offer does not have sufficient value to consumers. Additionally, Plaintiff argues that even if the letter contains a firm offer to some qualified consumers, it violates the FCRA because it does not contain a firm offer to all consumers.

### A.     Defendant Did Not Refuse to Honor the Terms of Its Offer

A "firm offer of credit" requires, at a minimum, that the terms of the offer be honored. *Murray*, 434 F.3d at 956. Plaintiff argues that it is impossible to know whether Defendant will honor its offer. Critically, Plaintiff does not argue that she or any class member was denied credit upon responding to the offer. *See Perry*, 459 F.3d at 825. Moreover, Defendant's offer states, "you're already pre-approved for a Discover Home Equity Line of Credit . . ." (Ex. A at 1); *see Perry,* 459 F.3d at 825. The Seventh Circuit has recognized similar preapproved language as

5

evidence that an offer was guaranteed and likely would be honored. Plaintiff's mere allegation that Defendant would not honor the terms of its offer is insufficient to establish that fact.

B.     All Material Terms Are Adequately Disclosed in Defendant's Offer

Plaintiff alleges that Defendant's offer violates the FCRA because it is vague and devoid of any discussion of terms such as the actual amount of the loan and the duration or interest rate of the loan. She analogizes Defendant's offer to that deemed infirm in *Cole*; an offer that disclosed virtually no terms about the loan and merely invited recipients to call for more information. Unlike the mailer in *Cole*, the material terms of Defendant's offer were adequately disclosed in its mailer to Plaintiff. The offer extended to Plaintiff indicated that: (1) it was for new home equity lines between $10,000 and $250,000; (2) interest rates would range from Prime - 0.50% to Prime + 1.25%; (3) the APR would vary as the Prime Rate varied (as published in *The Wall Street Journal*), but would not exceed 18%; and (4) the lines of credit would have a 10-year term. These are precisely the terms that the *Cole* court deemed necessary to the determination of an offer's value. *Id.* at 728. ("These missing terms render it impossible to determine from the pleadings whether the offer has value.") These terms divide a "sham" offer from a "firm offer of credit."

It is true that Defendant's offer fails to provide every term and condition of the loan. For instance, it does not disclose the exact interest rate that will apply to each individual borrower. However, an offer need not disclose every single loan term for the offer to be considered firm. *See Cavin v. Home Loan Ctr., Inc.*, No. 05 C 4987, 2007 WL 92509, *9 (N.D. Ill. Jan. 10, 2007) ("The ultimate question is whether the mailers, considered as a whole, contain enough terms for consumers to determine whether the offer has any value to them"); *Murray v. HSBC Auto Fin., Inc.,* No. 05 C 4040, 2006 WL 2861954, *4 (N.D. Ill. Sept. 27, 2006) ("It is hard to determine what specific

information [the defendant] could provide in the mailer regarding the interest rate and loan terms that might be available from a credit report, when the FTC has acknowledged that those terms are contingent on additional information that [the plaintiff] would have to provide herself.")

The Court is aware of decisions from this district finding that offers lacking certain terms are not firm. For example, in *Murray v. E\*Trade Fin. Corp.*, No. 05 C 5433, 2006 WL 2054381, \*2 (N.D. Ill. July 19, 2006), the court denied E\*Trade's motion to dismiss because the offer did not specify the time and details of repayment and, with respect to the interest rate, stated only that it would be fixed at 1.99% for three months and thereafter would "vary according to the market." In *Hernandez v. Chase Bank USA N.A.*, 429 F. Supp.2d 983, 988 (N.D. Ill. 2006), the court considered a loan offer that did not provide any information on either the interest rate or repayment period and that advised the consumer that "program terms and conditions are subject to change without notice." Based upon the observation that the "exact nature of the loan is subject to . . . criteria which are subject to change," the court found the offer to be "a solicitation for a credit product that is *undefined* save the requirement that Mr. Hernandez's residence serve as the collateral." *Id.* (emphasis added). Similarly, the court in *Krey v. Jennings Chevrolet, Inc.*, No. 06 C 5043, 2006 WL 3392200 (N.D. Ill. Nov. 17, 2006) found the mailer at issue defficient because it completely failed to specify the interest rate, the method of computation, and the repayment period. Finally, *Murray v. IndyMac Bank, F.S.B.*, 461 F.Supp.2d 645, 650 (N.D. Ill. 2006) found that a mailer was not a firm offer because, *inter alia*, the mailer did not specify an interest rate, the amount of credit available, a repayment schedule, or fees or points that would be charged along with the loan.

This case is distinguishable from *E\*Trade*, *Hernandez*, *Krey*, and *IndyMac*. First, the offer at issue in this case clearly specifies an interest rate (a term missing from *Hernandez, Krey* and

7

*IndyMac*). Though *E\*Trade* found fault with a nebulous interest rate that would "vary according to the market," the interest rate in the offer at issue in this case is substantially more definite inasmuch as it is based upon and variable with the Prime Rate as published in *The Wall Street Journal*. The offer at issue in this case also specifies another material term omitted from the offers in *E\*Trade*, *Hernandez*, *Krey*, and *IndyMac* – a definite term for repayment of 10 years. Defendant's offer also indicates that it is available "for new home equity lines . . . with a 90% loan-to-value ratio." (Ex. A at 2); *see* 15 U.S.C. 1681a(l)(3)(A)-(B) (condition may include "consumer furnishing any collateral that is a requirement for the extension of the credit . . . that was established before selection of the consumer for the offer of credit . . . and disclosed to the consumer in the offer of credit . . .").[1] Accordingly, this Court finds Discover's offer, unlike the offers at issue in *E\*Trade*, *Hernandez*, *Krey*, and *IndyMac* to contain an adequate disclosure of its material terms. *Perry*, 459 F.3d at 825.

    **C.**    **Offer Has Sufficient Value**

Although Defendant's offer does not need to be an attractive offer for the great majority of consumers, it must provide value for some consumers. *Perry*, 459 F.3d at 825. Defendant's offer is unlike the valueless offer in *Cole* and exceeds the Seventh Circuit's determination of value in *Perry*. The *Cole* offer guaranteed only $300 toward the purchase of a car at a specific dealership. The relatively small amount of credit combined with the known limitations of the offer – that it must be used to purchase a vehicle, that guaranteed approval was neither express nor implied and that several material terms were missing from the offer – raised a question of whether the offer had value to the consumer. *Cole*, 389 F.3d at 728. Defendant's offer, depending on the value of the

---

[1] The FCRA permits a "firm offer" to be conditioned on additional preselected criteria bearing on the consumer's creditworthiness as long as those criteria are disclosed to the consumer in the offer. *See* 15 U.S.C. § 1681a(l)(1).

consumer's property, could amount to several hundred thousand dollars. The offer is for a home equity line of credit that may be used, for instance, for "making home improvements," "buying a car," or "consolidating bills into one lower monthly payment." (Ex. A at 1.) The value of Defendant's offer thus eclipses the fee-laden $250 credit offer found to be a "firm offer of credit" in *Perry*. *Perry*, 459 F.3d at 825. Furthermore, Defendant's offer includes its material terms and guaranteed approval is expressed.

### III. A Firm Offer to All Consumers

Plaintiff argues that even if Defendant's offer is a firm offer of credit, the offer still violates the FCRA because it failed to extend a firm offer to *all* recipients of the offer. Defendant's firm offer is conditioned on consumer ownership of at least 10% equity in a home. As to those individuals that do not qualify for the offer, the letter solicits them to call for other, non-disclosed, non-definite terms. Plaintiff asserts that for every recipient with less than 10% equity in their home, the offer amounts to nothing more than an exhortation to call a loan consultant for details. In other words, while it may be a firm offer to some, it is an impermissible advertisement to others.

Congress enacted the FCRA to promote accuracy, fairness, and to safeguard the privacy of personal information assembled by credit bureaus. *Cole*, 389 F.3d at 725. In authorizing creditors to access credit reports to make a "firm offer" to a consumer, Congress "balanced any privacy concerns created by pre-screening with the benefit of a firm offer of credit or insurance for all consumers identified through the screening process." *Id*. But consumer credit reports contain limited information. Consequently, the FCRA allows creditors to provide certain conditions in their otherwise firm offers, including varying levels of collateral. *See* 15 U.S.C. § 1681a(l)(3). The logic of these enumerated conditions becomes apparent when the various complexities of pricing

9

mortgages are considered. Underwriting variables that may also be considered include review of a consumer's credit history, characteristics of the property to be encumbered, assessment of the borrower's financial assets, and prevailing market conditions. *See* Richard E. Gottlieb & Naomi A. Carry, *Recent Developments in Fair Credit Reporting Act Litigation: "Prescreened" Offer of Credit and Insurance*, 1533 PLI/Corp 241, 256 (2006). It would be extremely difficult, if not impossible, to include all of these variables as "material" terms in the initial "firm offer." *Id.*

While the FCRA does not itself limit the stringency of the conditions attached to "firm offers," the Seventh Circuit directs courts to view each offer in its entirety:

> To determine whether the offer of credit comports with the statutory definition, a court must consider the *entire* offer and the effect of *all* the material conditions that comprise the credit product in question. If, after examining the entire context, the court determines that the "offer" was a guise for solicitation rather than a legitimate credit product, the communication cannot be considered a firm offer of credit.

*Cole*, 389 F.3d at 727-28. If an offer of credit is otherwise burdened by unreasonable criteria bearing on consumer creditworthiness or prerequisite collateral, it is not a firm offer. Such an offer would eviscerate the explicit FCRA purpose of protecting consumer data and privacy. *Id.* at 725. Indeed, it would permit anyone to gain access to a "sea of sensitive consumer information" simply by extending a credit offer laden with insuperable conditions. *Id.* at 726.

Defendant's offer is conditioned on specific criteria bearing on the creditworthiness of the consumer. And, unlike *Cole*, nothing in the pleadings reasonably supports the view that Defendant's condition of 90% or less loan-to value ratio was so onerous as to be considered a sham to solicit those individuals that could not meet the condition. *See Cole*, 389 F.3d at 728. As such, Plaintiff cannot show that Defendant's offer was not a firm one.

**Conclusion and Order**

Because Defendant's offer of credit discloses all material terms and offers a value to some consumers, it meets the FCRA and *Cole*'s definition of "firm offer." Wherefore, Defendant's Motion to Dismiss is granted.

_____
Virginia M. Kendall, United States District Judge
Northern District of Illinois

Date: February 23, 2007